IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIAM PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAVALRY PORTFOLIO SERVICES, LLC., | ) |
| and HASTER LAW OFFICE, P.A., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the plaintiff, WILLIAM PARKER, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendants, CAVALRY PORTFOLIO SERVICES, LLC., and HASTER LAW OFFICE, P.A., the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. WILLIAM PARKER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Victoria, County of Carver, State of Minnesota.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to WAMU (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed WAMU was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. Upon information and belief, CAVALRY SPV I, LLC., purchased, acquired and/or otherwise obtained the debt for the purpose of assigning the account to Defendant, CAVALRY PORTFOLIO SERVICES, LLC., for collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. CAVALRY PORTFOLIO SERVICES, LLC., (hereinafter, "CAVALRY") is a business entity engaged in the collection of debt within the State of Minnesota. CAVALRY'S principal place of business is located in the State of New York. Defendant is incorporated in the State of New York.

10. The principal purpose of CAVALRY's business is the collection of debts allegedly owed to third parties.

11. CAVALRY regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, CAVALRY sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, CAVALRY acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, CAVALRY acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

15. HASTER LAW OFFICE, P.A., (hereinafter, "HASTER") is a business entity engaged in the collection of debt within the State of Minnesota. HASTER's principal place of business is located in the State of New York. Defendant is incorporated in the State of New York.

16. The principal purpose of HASTER's business is the collection of debts allegedly owed to third parties.

17. HASTER regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its efforts to collect debts allegedly owed to third parties, HASTER sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

19. At all relevant times, HASTER acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

20. At all relevant times, HASTER acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

## IV. ALLEGATIONS

## COUNT I. – VIOLATIONS OF FDCPA vs. CAVALRY

21. On July 7, 2010, Plaintiff and Defendant, HASTER, made an agreement to settle the Debt.

22. As part of that agreement, Plaintiff was to make a total of forty-eight (48) consecutive payments of $187.64 per month beginning on or before the last day of September of 2010 and continuing each month thereafter until Plaintiff made a total of $9,007 in payments.

23. Plaintiff made all of the payments under the aforesaid agreement. As of August 1, 2014, Plaintiff had completed the payment arrangement and paid the entire settlement balance in full.

24. On or about August 5, 2014, CAVALRY sent correspondence to Plaintiff.

25. In the aforesaid correspondence CAVALRY sent to Plaintiff, dated August 5, 2014, CAVALRY stated that the account was turned over to it for collection.

26. The aforesaid correspondence stated that Plaintiff's balance owed on the account was $18,014.78.

27. The aforesaid correspondence stated that it was an attempt to collect a debt.

28. The aforesaid correspondence stated that CAVALRY may report information about the account to the credit bureaus.

29. CAVALRY's representations, in its correspondence to Plaintiff dated August 5, 2014, as delineated above, were false, deceptive and misleading given that Plaintiff had paid the account in settlement and no longer owed a balance.

30. CAVALRY's representations, in its correspondence to Plaintiff dated August 5, 2014, as delineated above, misrepresented the character, amount, and/or legal status of the Debt

given that there was no longer a balance owed, and the amount of the debt was no longer $18,014.78.

31. In its attempts to collect the debt allegedly owed by Plaintiff, CAVALRY violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

  a. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

  b. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

  c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

32. As a result of CAVALRY's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## COUNT II. – VIOLATIONS OF FDCPA vs. HASTER

33. Plaintiff re-alleges paragraphs 21 through 28 as though fully set forth herein.

34. Upon information and belief, HASTER, after negotiating a settlement and/or receiving payments from Plaintiff to pay the negotiated settled Debt, communicated to the creditor at the time the Debt was resolved.

35. Upon information and belief, HASTER, in communicating to the creditor at the time the debt was resolved, informed the creditor the debt was unpaid and still had a balance owing of $18,014.78.

36. Upon information and belief, HASTER failed to advise the creditor at the time the Debt was settled, that the Debt was resolved and Plaintiff was paying off the debt pursuant to an agreement HASTER reached with Plaintiff.

37. In its attempts to collect the debt allegedly owed by Plaintiff, HASTER violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   b. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

   c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

38. As a result of CAVALRY's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

39. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, WILLIAM PARKER, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendants as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

   d. Any other relief deemed appropriate by this Honorable Court.

                                        Respectfully submitted,
                                        **WILLIAM PARKER**

                            By:    s/ Ryan P. Malone
                                 Attorney for Plaintiff

Dated: November 10, 2014

Ryan P. Malone (MN Bar No: 0395795)
SMITHMARCO, P.C.
334-202 Cherokee Avenue
St. Paul, MN 55107
Telephone:   (651) 356-8269
Facsimile:   (888) 418-1277
E-Mail:      rmalone@smithmarco.com